IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ROBINSON #40678-037
        Petitioner                  :

   v.                                                :   CIVIL ACTION NO. PJM-10-3618

VANCE LAUGHLIN, et al.,            :
        Respondents

**MEMORANDUM OPINION**

At the time he filed this 28 U.S.C. § 2254 action on December 21, 2010, Petitioner David Robinson was a federal prisoner convicted and sentenced to twenty-four months imprisonment by the United States District Court for the Southern District of Florida for illegal reentry into the United States.[1] Petitioner seeks to vacate his 1999 drug conviction in the Circuit Court for Washington County. Respondents have filed an answer to the Petition,[2] arguing that the application should be dismissed because Petitioner is no longer "in custody" under the conviction. ECF No. 3. Petitioner has filed a reply.[3] ECF No. 4. For reasons to follow, the Petition shall be denied and dismissed.

On September 7, 1999, Petitioner pled guilty to one count of possession of marijuana with the intent to distribute. ECF No. 1, Exhibit A. On December 13, 1999, he was sentenced to five years imprisonment with credit for 194 days. *Id.*, Exhibit A at 4. His application for leave to appeal the entry of the plea and sentence was summarily denied by the Court of Appeals of Maryland in an unreported opinion filed on February 15, 2001. The mandate issued on March

---

[1] Petitioner now is housed at the Lasalle Detention Facility in Trout, Louisiana. ECF No. 5.

[2] The response is filed on behalf of the Attorney General of the State of Maryland. No response has been filed on behalf of Vance Laughlin, Warden of the Adams County Correctional Center in Washington, Mississippi.

[3] In his Reply, Petitioner takes exception to Respondent's failure to submit transcripts and other materials with the answer. For reasons apparent herein, transcripts and additional documents are not required for disposition of this case.

19, 2001. Petitioner did not seek post-conviction relief. ECF No. 1 at 1-2 and Exhibit 1.

This Court lacks subject matter jurisdiction over the instant Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. *See Lackawana County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Petitioner does not rebut Respondents' argument that his custody on the 1999 conviction ended in 2004; simply put, at the time he filed this matter, Petitioner was not in custody for purposes of challenging his 1999 conviction under § 2254(a).[4] *See Resendiz v. Kovensky*, 416 F.3d 952, 957-58 (9th Cir. 2005), *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired). The fact that the conviction may be used to enhance sentences imposed on other convictions does not change this result. *Maleng*, 490 U.S. at 492-93.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

[4] As this Court lacks jurisdiction over this case, it will not address the question of whether the Petition would otherwise be time-barred.

court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate Order dismissing the Petitioner and denying a COA follows.

September 15, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE